809 F.2d 785
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The CHESAPEAKE & OHIO RAILWAY COMPANY; the Baltimore and
Ohio Railroad Company, and Western Maryland
Railway Company, Appellants,
v.
Herschel H. ROSE, III, Tax Commissioner of the State Tax
Department of West Virginia; and DAN R. TAYLOR,
Director, Business Tax Division, State
Tax Department of West
Virginia, Appellees.
 No. 86-1026.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 6, 1986.
Decided Jan. 13, 1987.
 
 Before WIDENER, and PHILLIPS, Circuit Judges, and WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Everett B. Gibson (W. Clary Lunsford, Laughlin, Halle, Gibson & McBride, Noel P. Copen, Huddleston, Bolen, Beatty, Porter & Copen, John W. Tissue, Lynne Klopf on brief) for appellants.
 Mary Carol Holbert, Assistant Attorney General, Tax Division (Gregory A. Morgan, Assistant Attorney General on brief) for appellees.
 PER CURIAM:
 
 
 1
 Plaintiffs Chesapeake and Ohio Railway, et al., [hereinafter "Railroads"] brought this action against defendants Herschel H. Rose and Dan R. Taylor, [hereinafter "State"], seeking to enjoin the assessment and collection of what they contended was a discriminatory portion of the West Virginia carrier income tax, which is imposed upon railroads and other common carriers. (W.Va.Code section 11-12A-1 through 24 (1983 and Supp.1985)).[1] The basic contention of the Railroads was that the carrier income tax operated as a discriminatory and unlawful tax pursuant to Section 306 of the Railroad Revitalization and Regulatory Reform Act of 1976, Pub.L. No. 94-210, Section 306, 90 Stat. 54 (1976), 49 U.S.C. section 11503.
 
 
 2
 After considering the briefs, the exhibits, and the evidence presented at a hearing, the district court held that the West Virginia business tax law did not discriminate against railroads and therefore did not violate subsection 1(d) of Section 306 which prohibits a state from imposing a discriminatory tax upon a railroad. The Railroads appealed this decision of the district court.
 
 
 3
 This Court finds that the district court was correct (1) in its analysis of the nature of the business and occupation tax and the scope of the activities which are taxable under such a tax; and (2) in its acceptance of the State's effective tax rates as a meaningful way to compare the rate of tax paid by the railroads under the carrier income tax to the Railroads' model "average business and occupation tax rate" of 1.15%. For reasons set forth in the opinion of the district court, we find that the model relied upon by the Railroads is flawed and invalid, and that the State's calculations, on which the district court relied, are valid and probative on the issue of discrimination.
 
 
 4
 Because we find the district court's interpretations of law to be correct and its findings of fact not clearly erroneous, we affirm the judgment of the district court. We hold that the West Virginia carrier income tax does not discriminate against the Railroads and does not violate Section 306 of the Railroad Revitalization and Regulatory Reform Act. AFFIRMED.
 
 
 
 [1]
 In 1985, the West Virginia legislature repealed the annual tax on incomes of certain carriers effective July 1, 1987. There are no provisions for the taxing of carriers subsequent to July 1, 1987